IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LORETHA D. BROWN                                                                    PLAINTIFF

V.                                                           CIVIL ACTION NO. 4:16-CV-167-SA-JMV

COVENANT DOVE CORPORATE                                                    DEFENDANT

MEMORANDUM OPINION

After filing a charge of discrimination with the Equal Employment Opportunity Commission and receiving a right to sue letter, Loretha Brown filed this case against her former employer Covenant Dove. In her *pro se* Complaint [1], Brown alleges that Covenant Dove refused to promote her, retaliated against her, and harassed her because of her race, sex, and age. Covenant Dove filed a Motion for Summary Judgment [29] requesting judgment in its favor on all of Brown's claims. Brown did not file any response.

*Factual and Procedural Background*

Brown started working part time as a licensed practical nurse for health care provider Covenant Dove in September of 2014. In January of 2015, Brown moved into a full time position.[1] Covenant Dove operates three shifts for nurses: 7:00 am to 3:00 pm, 3:00 pm to 11:00 pm, and 11:00 pm to 7:00 am. When she moved to full time, Brown worked the 11:00 pm to 7:00 am shift. Brown requested a move to the 7:00 am to 3:00 pm shift several times over the next few months. On September 1, 2015, Covenant Dove informed Brown that she could move shifts once they found someone to fill her place. On September 11, 2015, Covenant Dove moved Brown to her requested shift, 7:00 am to 3:00 pm.

---

[1] At the outset of this case, there was some dispute over the accrual of benefits, sick days and vacation days, when Brown moved to full time. In her deposition and pleadings, Brown concedes that this issue is resolved and that Covenant Dove credited her retroactively for the time.

In February of 2016, Covenant Dove informed Brown that she was moving back to the later 11:00 pm to 7:00 am shift. According to Covenant Dove, a few schedule reassignments were necessary to provide adequate staffing on all of the shifts, and management made the reassignments based on seniority. Brown was unhappy with the change and filed a written grievance. Before Brown started her new shift assignment, she took one week of sick leave. Covenant Dove subsequently terminated Brown; however, her termination and the surrounding circumstances are not at issue in this case. Brown alleges that Covenant Dove discriminated against her based on her race, gender, and age when it refused to promote her to the shift assignment she wanted. Brown is an African American female and was approximately 47 years old at the relevant time. Brown also alleges that Covenant Dove subjected her to a hostile work environment.

*Standard of Review*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548 (citation omitted). This Court has no duty to "sift through the record in search of evidence to support" the nonmovant's opposition to summary judgment. *Edwards v. Cont'l Cas. Co.*, 841 F.3d 360, 363 (5th Cir. 2016) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)).

*Adverse Employment Action*

To establish a claim under Title VII, 42 U.S.C. §§ 2000e, *et seq.*, for discrimination based on race, gender, or retaliation a plaintiff must first establish a *prima facie* case under the familiar *McDonnell Douglas* burden-shifting framework. *See, i.e., Heggemeier v. Caldwell Cty., Texas*, 826 F.3d 861, 867-69 (5th Cir. 2016); *Haire v. Bd. of Sup'rs of Louisiana State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 363 (5th Cir. 2013). The same is true for age discrimination claims brought under the Age Discrimination in Employment Act 29 U.S.C. § 621, *et seq.*; *see also Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013). It is well established that an adverse employment action is an essential element of the *prima facie* case for each of these claims. *See Heggemeier*, 826 F.3d at 867-69; *Leal*, 731 F.3d at 410; *Haire*, 719 F.3d at 363. Thus, in order to establish a *prima facie* case of discrimination based on race, gender, retaliation, or age, Brown must establish that she was subjected to an adverse employment action. *See id*.

Brown alleges that she suffered an adverse action when Covenant Dove moved her back to the later shift, and then refused to keep her on her desired shift when she complained. Covenant

Dove argues that the shift change was not an adverse action, and that Brown has not brought forth any evidence to the contrary.

While the denial of a promotion can be an actionable adverse employment action, it is "well established that the denial of a purely lateral transfer is not an adverse employment action redressible under Title VII." *Alvarado v. Texas Rangers*, 492 F.3d 605, 612 (5th Cir. 2007) (citing *Burger v. Cent. Apartment Mgmt., Inc.*, 168 F.3d 875, 879 (5th Cir. 1999) ("Refusing an employee's request for a purely lateral transfer does not qualify as an ultimate employment decision"); *see also Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 217 (5th Cir. 2016) (stating "merely changing working hours or imposing a higher workload does not qualify [as an adverse employment action]").

In this case, Brown has not brought forth any evidence that there was any discernable difference in workload, duties, responsibility, or prestige between the two shifts. *See Outley*, 840 F.3d at 217. Based on the record before the Court it appears that the only difference between the two shifts was the time. In addition, Brown agrees that the 11:00 pm to 7:00 am shift she was moved to actually paid more. Based on the relevant precedent the Court finds that Brown did not suffer an adverse employment action.

Specifically with regard to Brown's retaliation claim, the Court notes that "a retaliation claim may rest on an action that 'a reasonable employee would have found . . . [to be] materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 484 (5th Cir. 2008) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L. Ed. 2d 345 (2006) (internal quotation marks omitted)). Even under this more permissive standard, the Court finds that Brown has not brought forth any evidence that a

reasonable worker would have been dissuaded from engaging in a protected activity under these circumstances. *See Id*. In addition, the Court notes that Brown's retaliation claim also fails for a simple causation reason. The allegedly retaliatory act, moving Brown to a different shift, took place before her allegedly protected activity, complaining that her shift was changed. Given this sequence of events, it is impossible that Covenant Dove retaliated against Brown for a complaint that she had not yet raised. *See also Fisher v. Lufkin Indus., Inc.*, 847 F.3d 752, 757 (5th Cir. 2017), *as revised* (Mar. 30, 2017) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, ⎯⎯ U.S. ⎯⎯, 133 S. Ct. 2517, 2534, 186 L. Ed. 2d 503 (2013) (requiring but-for causation in the retaliation context).

Although the lack of an adverse employment action is also fatal to Brown's race, gender, and age claims, the Court also notes that Brown failed to bring forth any evidence that she was replaced by, or treated less favorably than, someone outside her respective protected class. *See Heggemeier*, 826 F.3d at 867-69; *Leal*, 731 F.3d at 410; *Haire*, 719 F.3d at 363.

Because Brown failed to make a showing sufficient to establish the existence of several essential elements of her race, gender, age, and retaliation claims, summary judgment in Covenant Dove's favor is appropriate on these claims. *Celotex*, 477 U.S. at 322, 106 S. Ct. 2548.

*Hostile Work Environment*

Lastly, Brown alleges that Covenant Dove subjected her to a hostile work environment in violation of Title VII. A plaintiff may establish a *prima facie* case of a Title VII violation based on a hostile work environment by showing:

> (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on [the protected trait]; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.

*Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002).

5

"For harassment on the basis of race to affect a term, condition, or privilege of employment, as required to support a hostile work environment claim under Title VII, it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993); *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 65, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986) (internal quotations omitted)).

Courts must consider the totality of the circumstances in determining whether a workplace constitutes a hostile work environment including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Ramsey*, 286 F.3d at 268 (citing *Walker v. Thompson*, 214 F.3d 615, 625 (5th Cir. 2000); *Harris*, 510 U.S. at 23, 114 S. Ct. 367). "No single factor is determinative." *E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 399 (5th Cir. 2007). "Simple teasing, offhand comments, and isolated incidents (unless extremely serious) do not suffice to alter the terms and conditions of employment." *Patton v. Jacobs Eng'g Grp., Inc.*, 863 F.3d 419, 426 (5th Cir. 2017) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998) (citation and internal quotation marks omitted)).

Brown's hostile work environment claim is primarily based on her interactions with her supervisor James Williams.[2] According to Brown, Williams was generally rude to her, often rolled his eyes at her, told Brown "I'm just sick of you," wrongly accused her of having discontinued medications on her cart, and placed a new patient on her wing without first notifying her. These allegations simply do not reach this Court's high bar for establishing a hostile work environment

---

[2] Brown also alleges that Covenant Dove's refusal to put her on the shift she wanted created a hostile environment. This is merely her failure to promote claim recast in terms of hostile work environment, and thus unavailing here.

claim. *Cf. Patton*, 863 F.3d at 427 (finding hostile work environment when "there were a lot of names by quite a few people over an extended period of time, [. . .] every week," coworkers repeatedly mocked employee's stuttering, excluded employee from work meetings, and ridiculed employee's stutter in work meetings); *WC&M Ent.*, 496 F.3d at 400–01 (holding that "a long-term pattern of ridicule" based on the employee's national origin and religion, including name-calling and mocking, sufficed to establish a hostile work environment claim under Title VII).

Importantly, as highlighted by these above cited cases, to establish a hostile work environment claim under Title VII the harassment complained of must be based on the employee's protected trait, in this case, gender, age, or sex. *Patton*, 863 F.3d at 426 (harassment based on disability – stuttering); *WC&M Ent.*, 496 F.3d at 400–01 (harassment based on protected trait – national origin and religion). Even if the harassment Brown alleges rose to the requisite level of severity and pervasiveness, Brown has not brought forth any allegation or evidence that the harassment was related to any protected trait. *See id*. Brown similarly failed to bring forth any evidence that the harassment affected a term, condition, or privilege of employment as required or that the alleged harassment interfered with her work performance in any way. *See Ramsey*, 286 F.3d at 268; *WC&M Ent.*, 496 F.3d at 400–01; *Harris*, 510 U.S. at 23, 114 S. Ct. 367.

Viewing Brown's allegations in a light most favorable to her, and considering the totality of the circumstances, the Court finds that Brown failed to make a showing sufficient to establish the existence of several essential elements of her hostile work environment claim. Therefore, summary judgment in Covenant Dove's favor is appropriate on this claim. *Celotex*, 477 U.S. at 322, 106 S. Ct. 2548.

*Conclusion*

For all of the reasons fully explained above the Court finds that summary judgment is warranted in Covenant Dove's favor on all of Brown's claims. Covenant Dove's Motion for Summary Judgment [29] is GRANTED, and this CASE is DISMISSED with prejudice.

So ORDERED on this the 24th day of October, 2017.

    /s/ Sharion Aycocck
UNITED STATES DISTRICT COURT JUDGE